# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ABRAHAM, | ) | NO. CV 12-7876-GW (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION |
| | ) | AS SECOND OR SUCCESSIVE |
| DANIEL PARAMO, WARDEN, | ) | AND DENYING A CERTIFICATE |
| | ) | OF APPEALABILITY |
| Respondent. | ) | |

Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on September 13, 2012 ("Petition"). The Petition is the third habeas corpus petition filed by Petitioner in this Court stemming from his 2001 state court conviction and sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On May 11, 2004, Petitioner filed a Section 2254 habeas petition in Case No. CV 04-3296-GW (MAN) (the "First Action"). The First Action petition arose out of the same 2001 state court conviction and sentence on which the present Petition is based. The First Action petition alleged Confrontation Clause and ineffective assistance of trial counsel claims attacking Petitioner's conviction, as well as two claims attacking Petitioner's Three Strikes sentence. The First Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment entered on January 3, 2011. Petitioner did not appeal.[1]

On January 31, 2012, Petitioner filed a second Section 2254 habeas petition in Case No. CV 12-858-GW (MAN) (the "Second Action"). The Second Action petition arose out of the same 2001 state court conviction and sentence on which the present Petition is based. The Second Action petition alleged a single claim related to Petitioner's 2001 sentence, *i.e.,* that Petitioner's sentence is "illegal," because his prior "strikes" convictions were not brought and tried separately and the evidence was insufficient to support them. The Second Action was dismissed without prejudice on February 9, 2012, on the ground that the Second Action petition was second or successive under 28 U.S.C. § 2244(b). Petitioner filed a petition for rehearing, which was denied on March 19, 2012. Petitioner did not appeal.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

On September 13, 2012, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 12-70807). The claim alleged in the application was that Petitioner is "actually innocent" of his sentence, because his prior "strike" convictions were not brought and tried separately. On May 8, 2012, the Ninth Circuit denied the application, finding that Petitioner had not made a prima facie showing under Section 2244(b)(2).

The instant Petition alleges a single claim challenging Petitioner's 2001 sentence, *i.e.*, that a four year sentence enhancement he received is unauthorized under California law and, thus, violates due process. (Petition at 5.) A review of the dockets for the Ninth Circuit shows that Petitioner has not sought or obtained leave to file a second or successive Section 2254 habeas petition asserting the claim alleged in the instant Petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same 2001 conviction and sentence at issue here, and his habeas petition was resolved adversely to him on its merits.  His present challenge to the validity of his 2001 sentence does not rest on newly-discovered evidence or a new rule of constitutional law.  Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

---

[2]  The instant Petition also appears to be substantially untimely.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: October 2, 2012.

                                                GEORGE H. WU
                                  UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE